IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-54-FL-1
No. 4:15-CV-187-FL

| | |
|---|---|
| NIGEL OMAR GRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 55), which challenges his designation as a "career offender" under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 in light of Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 59). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

### BACKGROUND

On June 12, 2012 petitioner pleaded guilty, with benefit of a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute certain quantities of heroin and cocaine, a violation of 21 U.S.C. § 841(a). As a condition of his plea, petitioner waived his appellate rights and collateral attack rights. In particular, petitioner waived "the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing," as

well as "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255." (DE 18 at 1).

On November 7, 2013, the court sentenced petitioner to 131 months imprisonment. As relevant here, the court found that petitioner was a "career offender" and enhanced his sentence accordingly. See U.S.S.G. § 4B1.1. Petitioner's 131 month sentence is less than the 20 year statutory maximum imposed by 21 U.S.C. § 841(b).

Petitioner filed the instant motion to vacate on November 30, 2015. Petitioner argues that the court improperly classified him as a "career offender" in light of Johnson, which held a portion of the identically worded Armed Career Criminal Act unconstitutionally vague. On January 11, 2016, the government filed the instant motion to dismiss, arguing, among other things, that the instant motion to vacate is barred by petitioner's collateral attack waiver.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or

2

the[ ] [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

Petitioner's motion to vacate must be dismissed on the basis of his collateral attack waiver. Petitioner's sentence is neither in excess of the applicable statutory maximum nor inconsistent with constitutional principles as they were understood at the time of his sentencing.

Guilty pleas typically "are accorded a great measure of finality." See Blackledge v. Allison, 431 U.S. 63, 71 (1977). To ensure finality, prosecutors routinely secure waivers of appeal and collateral attack rights as a term of the agreement. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Courts generally enforce these waivers, so long as the defendant knowingly and voluntarily agreed to them. Id.; United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

Petitioner does not challenge the waivers in his plea agreement as unknowing or involuntary. Rather, he contends that his Johnson claim falls beyond the scope of his collateral attack waiver. See Lemaster, 403 F.3d at 220 n.2; see also United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). It does not. In Moore v. United States, 4:12-CR-20-FL-1, 4:16-CV-164-FL, 2016 WL 3647863 (E.D.N.C. July 1, 2016), this court addressed and rejected an identical argument. See id. at *3–4. As the court observed, a collateral attack waiver is effective against an "alleged error stem[ming] from a subsequent change in the law," like Johnson. Id. at *3 (quoting United States v. Archie, 771 F.3d 217, 223 (4th Cir. 2014)); accord United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005). Therefore, on the basis of Moore, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

3

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 55) and GRANTS the government's motion to dismiss petitioner's motion to vacate. (DE 59). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of July, 2016.

LOUISE W. FLANAGAN
United States District Judge

4

Case 4:12-cr-00054-FL   Document 69   Filed 07/20/16   Page 4 of 4