IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CR-54-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NIGEL OMAR GRAY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motions for reduction of sentence pursuant to the First Step Act of 2018, (DE 87), and for legal assistance with home confinement, (DE 94). The issues raised are ripe for ruling. For the reasons that follow, the court dismisses without prejudice the motion for reduction of sentence, denies the motion for legal assistance, and dismisses without prejudice the motions to the extent defendant is seeking compassionate release or home confinement.

**BACKGROUND**

On June 12, 2012, defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. On November 7, 2013, the court sentenced defendant to 131 months' imprisonment, and five years' supervised release. Defendant's projected release date is June 5, 2021.

On December 12, 2019, defendant filed the instant motion for reduction of sentence pursuant to the First Step Act. The motion effectively requests that the court reconsider defendant's sentence based on his post-sentencing conduct. The government did not respond to the motion.

On April 6, 2020, defendant filed the instant motion for legal assistance with home confinement. Defendant seeks home confinement in light of the COVID-19 pandemic and his current health issues. As discussed further below, the court will construe this filing as a motion to appoint counsel. The government also did not respond to this motion.

**COURT'S DISCUSSION**

A.  First Step Act Motion

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act increased the threshold quantity of cocaine base that triggers 21 U.S.C. § 841(b)(1)(A)(iii)'s 10-year to life term from 50 grams to 280 grams, and the quantity for § 841(b)(1)(B)(iii)'s 5 to 40-year term from 5 grams to 28 grams (but under 280 grams). Fair Sentencing Act § 2, 124 Stat. at 2372. The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Id. § 3. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011). The Fair Sentencing Act only applies to defendants convicted of offenses involving cocaine base. See Black, 737 F.3d at 282.

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactive. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which

were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

As set forth above, defendant pleaded guilty to conspiracy to distribute one kilogram or more of heroin and 500 grams or more of powder cocaine. Accordingly, defendant's offenses of conviction were not modified by section two or three of the Fair Sentencing Act because they did not involve distribution of cocaine base. See Fair Sentencing Act §§ 2-3, 124 Stat. at 2372. Defendant therefore is ineligible for relief under the First Step Act. See § 404(b), 132 Stat. at 5222; see also United States v. Wirsing, 943 F.3d 175, 185-86 (4th Cir. 2019).

B.  Motion to Appoint Counsel

Defendant also moves for "legal assistance in filing a motion for extra home confinement" under the "CARES Act of 2020" and "18 U.S.C. § 3582(c)(7)(A)." (DE 94). The provision "18 U.S.C. § 3582(c)(7)" does not exist in the United States Code, but the court assumes defendant is requesting appointment of counsel to move for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]

There is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); see also United States v. Reed, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings).

---

[1]  As discussed further below, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") does not provide a mechanism for defendant to seek compassionate release or home confinement in the sentencing court.

3

Defendant in seeking compassionate release due to risks associated with the COVID-19 pandemic, including his chronic health conditions that allegedly place him at greater risk of complications if he contracts the virus. Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel, and defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances. Accordingly, the court denies the motion to the extent defendant seeks appointment of counsel.

To the extent defendant seeks compassionate release as a substantive matter, the motion is premature. The court cannot entertain a motion for compassionate release until defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [for compassionate release] on the defendant's behalf or [after] the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In other words, defendant must first request compassionate release through the Federal Bureau of Prisons' ("BOP") administrative channels before filing a motion requesting same in this court. Id. In the event the BOP denies the request or fails to respond, he must either exhaust all administrative appeals or await the lapse of 30 days from receipt of the request by the warden, whichever occurs first, before presenting the motion to the sentencing court. Id. The instant motion does not establish defendant has complied with the statutory exhaustion requirement.[2] Thus, the court dismisses without prejudice the motion to the extent defendant

---

[2] The statutory exhaustion requirement cannot be waived, even to take into account the current pandemic. See United States v. Raia, __F.3d __, 2020 WL 1647922, at *2 (3d Cir. Apr. 3, 2020); cf. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes.").

seeks compassionate release. Defendant may refile the motion for compassionate release after complying with the procedures set forth in 18 U.S.C. § 3582(c)(1)(A).

Defendant also arguably seeks a court order directing the BOP to place him on home confinement.[3] The BOP has exclusive authority to determine defendant's place of imprisonment, including home confinement, and the BOP's placement decisions are "not reviewable by any court." See 18 U.S.C. § 3621(b); see also 18 U.S.C. § 3624(c) (providing the BOP with discretionary authority to place certain prisoners in home confinement but noting "nothing in [§ 3624(c)] shall be construed to limit or restrict the authority of the [BOP Director] under section 3621"). As a result, the court is without jurisdiction to order the BOP to place defendant on home confinement. See United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018).

As noted, defendant suggests the CARES Act provides legal authority for the court to order home confinement. In relevant part, the CARES Act provides that "if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. § 3624(c)] as the Director determines appropriate." CARES Act of 2020, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516. This provision does not authorize the court to order defendant's placement in home confinement. Accordingly, defendant must seek home confinement through the BOP's administrative system.

---

[3] On August 8, 2019, the court entered order denying defendant's motion for judicial recommendation for placement in community confinement. To the extent defendant is seeking judicial recommendation for home confinement, the court denies the motion for the reasons stated in that order.

## CONCLUSION

Based on the foregoing, the court DISMISSES WITHOUT PREJUDICE defendant's motion for sentence reduction, (DE 87). Defendant's motion for legal assistance with home confinement, (DE 94), construed as a motion to appoint counsel, is DENIED. To the extent defendant's motion, (DE 94), seeks compassionate release or home confinement as a substantive matter, the motion is DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 22nd day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge